1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

THOMAS OUIA HAITHCOCK,

                    Petitioner,

        v.

M VEAL, Warden,

                    Respondent.

Case No. 06cv0100-J (JMA)

**ORDER:**

**(1) ADOPTING R&R; and**

**(2) DENYING PETITIONER'S MOTION FOR STAY AND ABEYANCE**

Before the Court is Petitioner Thomas Ouia Haithcock's ("Petitioner") Motion for Stay and Abeyance of his §2254 Petition for Writ of Habeas Corpus.  [Doc. No. 10.]  Magistrate Judge Jan M. Adler has filed a Report and Recommendation ("R&R"), recommending that this Court deny Petitioner's Motion.  [Doc. No. 33.]  Petitioner has filed Objections to the R&R.  [Doc. Nos. 35-37.]  Respondent Warden M. Veal ("Respondent") has not filed a Reply.  For the reasons set forth below, this Court **ADOPTS** the R&R and **DENIES** the Motion for Stay and Abeyance.

### *Background*

On May 6, 2004, Petitioner was convicted in the San Diego Superior Court of selling cocaine base (Cal. Health & Safety Code § 11352(a) (West 2006); Cal. Penal Code § 1203.073(b)(7) (West 2006)) and possessing cocaine base for sale (Cal. Health & Safety Code § 11351.5 (West 2006)).  (*See* Resp't's Lodgm't No. 2 at 342-43.)  Petitioner admitted one prior term allegation (Cal. Penal Code § 667.5 (West 2006)) and one prior strike allegation

(Cal. Penal Code §§ 667(b)-(I), 1170.12(c)(1) (West 2006)).  (*See id.* at 347.)  On June 4, 2004, the court sentenced Petitioner to a total term of ten years in state prison consisting of the upper term of five years on count one, doubled for the prior strike conviction.  (*See id.* at 355.) The Court dismissed the possession conviction as a lesser included offense and struck the prison prior term.  (*See id.*)

On January 19, 2005, Petitioner filed an appeal to the California Court of Appeal. Petitioner raised two issues on appeal: (1) that the trial court violated his Sixth Amendment right to effective assistance of counsel when it denied his two motions to substitute defense counsel at trial, and (2) that the trial court denied him due process when it improperly sentenced him based on aggravating factors that were not found by a jury or admitted by Petitioner.  (*See* Resp't's Lodgm't No. 3 at 8, 21.)  On August 10, 2005, the California Court of Appeal affirmed Petitioner's conviction.  (*See* Resp't's Lodgm't No. 6 at 9.)  Petitioner sought review of the California Supreme Court, raising the same claims.  (*See* Resp't's Lodgm't No. 7.)  On October 19, 2005, the California Supreme Court summarily denied review.  (*See* Resp't's Lodgm't No. 8.)

On January 17, 2006, Petitioner filed the instant Petition for Writ of Habeas Corpus. [Doc. No. 1.] Petitioner raised the same claims as his appeal in state court, arguing that (1) the trial court denied him the Sixth Amendment right to effective assistance of counsel when it denied his two motions to substitute counsel, and (2) the trial court denied him the Fourteenth Amendment right to due process when it used aggravating factors not found by a jury in Petitioner's sentencing.  (*See* Pet'r's Pet. at 7-9.)  On February 24, 2006, Petitioner filed a Motion for a Stay and Abeyance on the basis that after filing his federal habeas petition, he discovered new issues related to his case and would like to exhaust them in state court. [Doc. No. 6.] On February 24, 2006, Petitioner filed a letter with the Court seeking to learn the status of his motion for stay and abeyance.  [Doc. No. 8.]

On February 28, 2006, Petitioner filed a Writ of Habeas Corpus in San Diego County Superior Court.  (*See* Pet'r's Second Mot. Stay, Ex. B at 1.)  In his state court habeas petition, Petitioner argues the same claims he presents here, as well as two additional claims: (1) his Sixth Amendment right to effective assistance of counsel was violated because his trial and

appellate counsel were ineffective, and (2) the arresting officer's hearsay testimony at trial violated the federal Confrontation Clause under *Crawford v. Washington*, 541 U.S. 36 (2004). (*See id.* at 2-5.)

On March 21, 2006, Petitioner filed a second Motion for Stay and Abeyance. [Doc. No. 10.]  On March 9, 2006, the Court ordered Respondent to respond to Petitioner's Motion for Stay and Abeyance.  [Doc. No. 11.]  On April 14, 2006, Respondent filed its Opposition. [Doc. No. 12.] On June 2, 2006, Petitioner filed his Reply.  [Doc. No. 23.] On June 28, 2006, Petitioner filed an additional reply, consisting of substantially similar documents. [Doc. No. 28.] On June 30, 2006, Respondent filed its Answer and on July 31, 2006, Petitioner filed his Traverse. [Doc. Nos. 29, 31.] On August 30, 2006, Magistrate Judge Adler issued an R&R advising this Court to deny Petitioner's Motion for Stay and Abeyance. [Doc. No. 33.] Petitioner filed Objections to the R&R on September 29, 2006 and October 16, 2006. [Doc. Nos. 36, 37.]

### *Legal Standard*

### I.   <u>Standard for Reviewing a Magistrate Judge's R&R</u>

The duties of the district court in connection with a magistrate judge's R&R are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).  *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (2005).  The district court must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1) (2005); *see also United States v. Raddatz*, 447 U.S. 667, 676 (1980).  When no objections are filed, the Court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law.  *See Campbell v. United States Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974).  Under such circumstances, the Ninth Circuit has held that "a failure to file objections only relieves the trial court of its burden to give *de novo* review to factual findings; conclusions of law must still be reviewed *de novo*." *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989) (citations omitted), *overruled on other grounds by Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996).  Thus, the Court conducts a *de novo* review of any findings of fact objected to by Petitioner and a *de novo*

1    review of conclusions of law.

2    **II.**    **Motion for Stay and Abeyance**

3        A federal court's duty in examining a state prisoner's habeas petition is governed by the

4    Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.  Under

5    the AEDPA, a petitioner must file his federal habeas petition within one-year of the date the

6    state proceedings become final.  *See Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002).

7    Additionally, the AEDPA requires that a district court dismiss a habeas petition if the

8    petitioner has not already exhausted all available state court remedies as to each claim.  *See*

9    U.S.C. § 2254(b) (1996); *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

10        As a result of the one year statute of limitations and the state court exhaustion

11   requirement, petitioners filing "mixed" petitions, containing both exhausted and unexhausted

12   claims, "run the risk of forever losing their opportunity for any federal review of their

13   unexhausted claims."  *Rhines v. Weber*, 544 U.S. 269, 275 (2005).  This is so because if the

14   district court dismisses a timely filed mixed petition for failure to exhaust state remedies, then

15   it is unlikely that a petitioner could exhaust his claims in state court and refile his federal

16   petition within the statute of limitations period.  *See id.*  As a result of the mixed petition

17   problem, the Supreme Court has in some circumstances allowed district courts to grant a stay

18   and abeyance of a mixed petition.  *See id.*  A stay and abeyance holds the petition "in abeyance

19   while the petitioner return[s] to state court to exhaust his previously unexhausted claim."  *See*

20   *id.* at 276.  "Once the petitioner exhausts his state remedies, the district court will lift the stay

21   and allow the petitioner to proceed in federal court."  *Id.*

22        As the R&R correctly stated, a district court has discretion to grant a stay and abeyance

23   if: (1) "the petitioner had good cause for his failure to exhaust"; (2) "his unexhausted claims

24   are potentially meritorious"; and (3) "there is no indication that the petitioner engaged in

25   intentionally dilatory litigation tactics."  *Id.* at 278.  (*See* R&R at 3.)

26                                  *Discussion*

27        Here, Petitioner has exhausted both claims in his current Petition because the state

28   appellate and supreme court rejected these claims on appeal.  (*See* Pet'r's Pet. at 7-9; Resp't's

Lodgm't Nos. 6, 8.)  However, Petitioner seeks a stay and abeyance of his exhausted claims

so that he may exhaust two additional claims in state court: (1) ineffective assistance of trial and appellate counsel, and (2) violation of his federal rights under the Confrontation Clause. (*See* Pet'r's Second Mot. Stay, Ex. B at 1.) Respondent concedes that all Petitioner's current claims are exhausted, but asserts that Petitioner has not shown good cause for a stay and abeyance because he was aware of these additional two issues at the time of appeal.  (*See* Resp't's Opp'n at 3.)  For the reasons set forth below, the Court **ADOPTS** the R&R and **DENIES** Petitioner's Motion for Stay and Abeyance.

## I.   <u>Petitioner Has Not Shown Good Cause for Failure to Exhaust State Remedies</u>

Petitioner argues that he has shown good cause for failing to exhaust his current claims in state court because he was not aware of these issues at the time of his appeal. (*See* Pet'r's Objections at 5.)  Respondent asserts that Petitioner has not shown good cause because the issues he raises are factually based and were apparent by reference to the trial record at the time of trial and appeal. (*See* Resp't's Opp'n at 3.)  For the reasons set forth below, the Court **FINDS** Petitioner has not shown good cause for his failure to exhaust state remedies.

The Supreme Court has held that "[b]ecause a stay effectively excuses a petitioner's failure to present his claims first to state courts, stay and abeyance is only appropriate when the district court determines that there [is] good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines*, 544 U.S. at 277.  Although the Court in *Rhines* did not define what constitutes "good cause" sufficient to permit application of the stay and abeyance procedure, the Court of Appeals for the Ninth Circuit has held that good cause does not require a petitioner to show "extraordinary circumstances" for her failure to exhaust state remedies. *See Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005).

In *Riner v. Crawford*, 415 F.Supp.2d 1207, 1210 (D.Nev. 2006), the district court stated that the standard for good cause requires the petitioner to show:

> [H]e was prevented from raising the claim, either by his own ignorance or confusion about the law or the status of his case, or by circumstances over which he had little or no control, such as the actions of counsel either in contravention of the petitioner's clearly expressed desire to raise the claim or when petitioner had no knowledge of the claim's existence.

*Riner*, 415 F.Supp.2d at 1211; *see also Morales v. Scribner*, 2006 U.S. Dist. LEXIS 41773, 6-7 (N.D.Cal. 2006).  Other district courts have adopted the same standard for "good cause" as the

procedural default standard for cause.  *See Hernandez v. Sullivan*, 397 F.Supp.2d 1205, 1207 (C.D.Cal. 2005).  In *Hernandez*, the court held that good cause requires a petitioner to show that the failure to exhaust state remedies was a result of "an objective factor external to the petitioner which cannot fairly be attributed to him or her."  *Id.*  On this basis, the court held that ineffective assistance of appellate counsel did not constitute good cause because Petitioner was free to seek state habeas relief on the unexhausted claims.  *Id.* at 1207.  Similarly, the *Morales* court held that the failure of appellate counsel to include a claim in a petition to the California Supreme Court did not constitute good cause "because counsel's oversight was not a factor beyond the petitioner's control."  *Morales*, 2006 U.S. Dist. LEXIS 41773 at 2.

Here, Petitioner has not shown good cause.  First, Petitioner cannot meet the *Riner* standard for good cause because he does not allege that appellate counsel contravened his desire to raise either of the additional claims on appeal.  Additionally, Petitioner was aware of the facts giving rise to his claim of ineffective assistance of counsel at trial.  Petitioner was present when trial counsel failed to object to the officer's statements and urged his attorney to call witnesses to counter the officer's testimony.  (*See* Pet'r's Second Mot. Stay, Ex. B at 2.)  Also, Petitioner was dissatisfied with defense counsel, as evidenced by Petitioner's two motions to substitute counsel prior to trial.  (*See* Resp't's Lodgm't No. 6 .)  Yet, Petitioner offers no explanation as for why he failed to raise his ineffective assistance of counsel issue on appeal.

Petitioner's reliance on the Supreme Court's decision in *Crawford v. Washington*, 5391 U.S. 36 (2004), is misguided as the basis for Petitioner's failure to raise his Sixth Amendment Confrontation Clause claim.  As an initial matter, *Crawford* does not provide Petitioner with a basis for good cause for failing to raise the claim.  In *Crawford*, the Court held that playing a tape-recorded statement of a witness who did not testify at the defendant's criminal trial, violated the Confrontation Clause of the Sixth Amendment.  *See Crawford v. Washington*, 541 U.S. 36, 67 (2004).  Here, Petitioner disputes the arresting officer's testimony, which was not pre-recorded.  In fact, Petitioner's attorney cross-examined the officer in open court.  (*See* Resp't's Lodgm't No. 1 Vol. 3 at 100.)

Second, Petitioner has not met the requirements of good cause under the *Hernandez*

standard because he has not demonstrated that "an objective factor external to the petitioner which cannot fairly be attributed to him" prevented him from raising the unexhausted claims in state court.  Even if Petitioner were not aware of these additional issues on appeal, nothing prevented Petitioner from seeking state habeas relief on the this basis.  Thus, the Court **FINDS** the R&R correctly concluded that Petitioner has not shown good cause because he was aware of the additional unexhausted claims at the time he initiated collateral review in federal court. (*See* R&R at 4.)  Because the Court has determined that Petitioner has not shown good cause, the Court need not address whether Petitioner's unexhausted claims are potentially meritorious or whether Petitioner engaged in intentionally dilatory litigation tactics.

### *Conclusion*

For the reasons set forth above, this Court **ADOPTS** the R&R and **DENIES** the Petitioner's Motion for Stay and Abeyance.

**IT IS SO ORDERED.**

DATED:  November 7, 2006

_____
HON. NAPOLEON A. JONES, JR.
United States District Judge

cc:  Magistrate Judge Jan M. Adler
      All Parties

04cv2596-J (AJB)