# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS OUIA HAITHCOCK,<br><br>  Petitioner,<br><br>  v.<br><br>M VEAL, Warden,<br><br>  Respondent. | Case No. 06cv0100-J (JMA)<br><br>**ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY** |

On November 7, 2006, this Court issued an Order adopting Magistrate Judge Jan M. Adler's Report and Recommendation ("R&R") denying Petitioner Thomas Ouia Haithcock's ("Petitioner") Motion for Stay and Abeyance of his § 2254 Petition for Writ of Habeas Corpus ("Mot. Stay"). [Doc. Nos. 1, 38.] Petitioner filed a Notice of Appeal and Motion for a Certificate of Appealability ("COA"). [Doc. No. 39.] For the reasons set forth below, the Court **DENIES** Petitioner's Motion for a COA.

//
//

## *Legal Standard*

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), a COA from a circuit justice or district court judge is necessary in order to appeal the "*final order* in a habeas proceeding in which the detention complained of arises out of process issued by a State Court." *See* 28 U.S.C. § 2253(c)(1)(A) (2006) (emphasis added); *United States v. Asrar*, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue a COA under the AEDPA). In deciding whether to grant a COA, a court must either indicate the specific issues supporting a certificate or state reasons why a certificate is not warranted. *See Asrar*, 116 F.3d at 1270.

A court may issue a COA only if the applicant has made a "substantial showing" of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2) (2006). If the habeas petition has been denied on procedural grounds, the Supreme Court has determined the petitioner must overcome two hurdles to obtain a COA.[1] *See Slack v. McDaniel*, 529 U.S. 473, 484-85. The petitioner must first show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and second, "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. Furthermore, in determining whether a COA should be granted when the underlying petition was procedurally barred, the Court in its discretion may dispose of the application promptly and fairly by addressing the issue more apparent from the record and arguments. *See id*. at 484-85.

## *Discussion*

Here, the Court denied Petitioner's Motion for Stay and Abeyance of his exhausted claims. (*See* Order Denying Pet'r's Mot. For Stay and Abeyance at 4-5.) Petitioner now seeks a COA from this Court pursuant to 28 U.S.C. § 2253 in order to pursue an appeal of the Order Denying Petitioner's Motion for Stay and Abeyance. [Doc. No. 28.]

---

[1] In contrast, if a habeas petition has been denied on the merits, the Supreme Court has stated, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

- 2 -

## I. Collateral Order Doctrine

Under 28 U.S.C. § 2253, a COA may only be issued after the final order in a habeas proceeding is rendered. *See* 28 U.S.C. § 2253. Denial of a stay is generally viewed as an order regarding the internal progress of litigation and therefore is not considered an appealable final order. 15A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3914.13 (3d ed. 1998). Further, the Supreme Court has held that orders denying stays of litigation are not appealable as interlocutory orders denying injunctions under 28 U.S.C. § 1292(a)(1). *See Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 275-78 (1988); *see also Fed. Land Bank of Spokane v. L.R. Ranch Co.*, 926 F.2d 859, 862 (9th Cir. 1991).

However, the Supreme Court has held that a "small class" of collateral orders are final and appealable under 28 U.S.C. § 1291 even though they do not terminate the underlying litigation. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1994). To qualify for appeal, a collateral order "must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesage*, 437 U.S. 463, 468 (1978); *Praxis Properties v. Colonial Savings Bank SLA*, 947 F.2d 49, 54 (3d Cir. 1991). A district court's order granting a motion to stay a petition for writ of habeas corpus has been held by the Ninth Circuit to be an appealable collateral order. *See Marchetti v. Bitterolf*, 968 F.2d 963, 965 (9th Cir. 1992); *see also Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir. 1998).

In the case at bar, the Order denying Petitioner's Motion for Stay and Abeyance is an appealable collateral order. The Court's Order conclusively resolved the disputed question, whether Petitioner has met the standard for a stay and abeyance in order to exhaust his unexhausted claims. Additionally, the Court resolved an important issue completely separate from the merits of the action because the issue of whether to grant a stay and abeyance is entirely separate from the due process issues raised in the underlying habeas petition. Finally, the issue is effectively unreviewable on appeal from a final judgment with respect to the habeas petition. As a result of the denial of Petitioner's Motion for Stay and Abeyance,

1  Petitioner is foreclosed from bringing his unexhausted claims in the current petition.
2  Presumably, he will attempt to pursue his unexhausted claims in state court and bring a second
3  petition for writ of habeas corpus once has exhausted those claims. Should he do this, the
4  propriety of the Court's order denying his original Motion for Stay and Abeyance will become
5  moot, and will thus be unreviewable upon final judgment.

## II. Certificate of Appealability

Although this Court's Order denying Petitioner's Motion for Stay and Abeyance is appealable under the collateral order doctrine, Petitioner, nevertheless, fails to satisfy the two hurdles necessary to obtain a COA for a petition denied on procedural grounds. *See Slack*, 529 U.S. at 484-85. Because the denial of Petitioner's Motion for Stay and Abeyance is the most significant issue from the record, the Court will address the second prong of the "substantial showing" test, which requires Petitioner to show that jurists of reason would find it debatable whether the Court was correct in its procedural ruling. Petitioner argues that a COA should be issued because an appeal of the Order denying Petitioner's Motion for Stay and Abeyance would raise a substantial question as to the denial of a constitutional right. (Pet'r's Mot. COA at 1-2.) Petitioner then raises two issues which he intends to bring on appeal: (1) ineffective assistance of trial and appellate counsel, and (2) violation of his federal rights under the Confrontation Clause. (*See id.* at 2-7.) Petitioner fails, however, to demonstrate that jurists of reason would find it debatable whether the Court was correct in its procedural ruling. For the reasons set forth below, the Court **DENIES** Petitioner's Motion for a COA.

Federal district courts have limited discretion to hold mixed petitions in abeyance in order to permit a habeas corpus petitioner to return to state court to complete exhaustion of all his claims. *See Rhines*, 544 U.S. at 277. A district court has discretion to grant a stay and abeyance if it has determined that: (1) "the petitioner had good cause for his failure to exhaust"; (2) "his unexhausted claims are potentially meritorious"; and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. If there was good cause for a petitioner's failure to exhaust, it may be an abuse of discretion to deny the motion for stay and abeyance where there is no indication of dilatory litigation tactics. *See id.* at 278.

Although the Court in *Rhines* did not define what constitutes "good cause" sufficient to permit application of the stay and abeyance procedure, the U.S. Court of Appeals for the Ninth Circuit has held that good cause does not require a petitioner to show "extraordinary circumstances" for the failure to exhaust state remedies. *See Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). The district court in *Riner v. Crawford* stated that the standard of good cause requires the petitioner to show that he was prevented from raising a claim by his own ignorance or by circumstances beyond his control, such as the actions of counsel either in contravention of petitioner's expressed desire or when petitioner had no knowledge of the claim's existence. *See Riner v. Crawford*, 415 F. Supp. 2d 1207, 1210 (D. Nev. 2006). In *Hernandez v. Sullivan*, the district court held that good cause requires a petitioner to show that the failure to exhaust state remedies was the result of "an objective factor external to the petitioner which cannot fairly be attributed to him or her." *See Hernandez v. Sullivan,* 397 F. Supp. 2d 1205, 1207 (holding that ineffective assistance of appellate counsel did not constitute good cause because petitioner was free to seek state habeas relief on exhausted claims).

In his Motion for COA, Petitioner fails to show that jurists of reason would find it debatable whether the Court was correct in its procedural ruling denying Petitioner's Motion for Stay and Abeyance. This Court was correct in its procedural ruling and did not abuse its discretion because Petitioner failed to show good cause for failing to exhaust state remedies prior to filing the instant Petition. First, Petitioner cannot meet the *Riner* standard for good cause because he does not allege that appellate counsel contravened his desire to raise either of the additional claims on appeal. Additionally, Petitioner was aware of the facts giving rise to his claim of ineffective assistance of counsel at trial, as he was present when trial counsel failed to object to the officer's statements and urged his attorney to call witnesses to counter the officer's testimony. (*See* Pet'r's Second Mot. Stay, Ex. B at 2.) Further, although Petitioner was dissatisfied with defense counsel and filed two motions to substitute counsel prior to trial, he offers no explanation as to why he failed to raise his ineffective counsel issue on appeal. (*See* Resp't's Lodgm't No. 6.) In addition, Petitioner has not met the requirements of good cause under the *Hernandez* standard, because he has not demonstrated that "an objective factor external to the petitioner which cannot fairly be attributed to him" prevented

- 5 -

him from raising the unexhausted claims in state court. Even if Petitioner were not aware of these additional issues on appeal, nothing prevented Petitioner from seeking state habeas relief on this basis.

Therefore, the Court **FINDS** that Petitioner has failed to make a sufficient showing that reasonable jurors would find it debatable whether the Court correctly denied Petitioner's Motion for Stay and Abeyance.

### *Conclusion*

For the foregoing reasons, this Court **DENIES** Petitioner's Motion for a Certificate of Appealibility.

**IT IS SO ORDERED.**

DATED: March 16, 2007

HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: Magistrate Judge Jan M. Adler
  All Parties