UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS HAITHCOCK,<br><br>  Petitioner,<br><br>v.<br><br>M. VEAL, Acting Warden<br><br>  Respondent. | Case No. 06-CV-0100-J (JMA)<br><br>**REPORT AND RECOMMENDATION RECOMMENDING DENIAL OF PETITIONER'S MOTION FOR LEAVE TO AMEND PETITION [Doc. 51]** |

**I.   INTRODUCTION**

On February 10, 2009, Petitioner Thomas Haithcock filed a motion for leave to amend his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 to add two exhausted claims. [Doc. 51]  The Court issued an Order requiring Respondent to file a response to the motion for leave to amend by March 18, 2009. [Doc. 52]  On March 18, 2009, Respondent filed an opposition to Petitioner's motion for leave to amend. [Doc. 54]  After requesting and receiving an extension, Petitioner filed a reply in support of his motion for leave to amend on May 6, 2009.  [Doc. 62]  The Court finds that the two grounds Petitioner seeks to add (involving ineffective assistance of counsel/ confrontation clause issues arising during trial) do not arise from a common core of operative facts as the grounds raised in the original Petition (trial court error in denying Peti-

tioner's pretrial motions to substitute counsel and an unconstitutional prison sentence) because they differ in both time and type. Therefore, the two new claims would not "relate back" for statute of limitations purposes and are time-barred. Accordingly, amendment would be futile, and Petitioner's motion for leave to amend is denied.

## II.     FACTUAL AND PROCEDURAL SUMMARY

On May 4, 2004, Petitioner was convicted in San Diego County Superior Court of selling and possessing cocaine. On June 4, 2004, the court sentenced Petitioner to ten years in state prison. On January 19, 2005, Petitioner filed an appeal in the California Court of Appeal raising two issues: (1) that the trial court violated his Sixth Amendment right to effective assistance of counsel when it denied his pretrial motions to substitute defense counsel, and (2) that the trial court denied him due process when it improperly sentenced him based on aggravating factors that were not found by a jury or admitted by Petitioner. On August 10, 2005, the California Court of Appeal affirmed Petitioner's conviction. Petitioner thereafter filed a petition for review by the California Supreme Court. On October 19, 2005, the California Supreme Court summarily denied review.

On January 17, 2006, Petitioner filed a petition for writ of habeas corpus in this Court [Doc. No. 1] raising the same two claims as in his direct appeals in state court, arguing that: (1) the trial court denied his Sixth Amendment right to effective assistance of counsel when it denied his two motions to substitute counsel, and (2) the trial court denied his Fourteenth Amendment right to due process when it used aggravating factors not found by a jury in Petitioner's sentencing. (See Petition at 7-9) On February 24, 2006, Petitioner filed a Motion for a Stay and Abeyance on the grounds that he had discovered new issues related to his case and that he wanted to exhaust them in state court. [Doc. No. 6]

On February 28, 2006, Petitioner began exhausting two new claims by filing habeas petitions in the state superior, appellate and supreme courts. The writ filed by Haithcock in San Diego County Superior Court on February 28, 2006 raised the same two claims alleged in his federal Petition, as well as two additional claims: (1) that his

Sixth Amendment right to effective assistance of counsel was violated because his trial and appellate counsel were ineffective, and (2) admission of the arresting officer's testimony at trial (which Haithcock alleged was hearsay) violated the confrontation clause. The California Supreme Court ultimately denied Haithcock's petition on March 21, 2007.    On August 30, 2006, the undersigned magistrate judge issued a report and recommendation recommending that Petitioner's Motion for Stay and Abeyance be denied. [Doc. No. 33] The Court issued an order adopting the report and recommendation on November 7, 2006. [Doc. No. 38] On February 10, 2009, Haithcock moved to amend his federal petition to add these two newly exhausted claims involving ineffective assistance of counsel/confrontation clause issues arising during trial. [Doc. No. 51]

### III.  LEGAL STANDARD ON MOTIONS FOR LEAVE TO AMEND

Motions to amend a petition for writ of habeas corpus are governed by the same standards as motions to amend a complaint in other civil actions. A party may amend a pleading under Rule 15(a) of the Federal Rules of Civil Procedure once as a matter of course at any time before a responsive pleading is served. Once a responsive pleading is served, a party may amend the pleading only by leave of court or by written consent of the adverse party; leave shall be freely given when justice so requires. Fed.R.Civ.P. 15(a); *Morris v. United States District Court*, 363 F.3d 891, 894 (9th Cir. 2004). Here, a responsive pleading has been filed and Respondent does not consent, so Petitioner can only amend with leave of court.

It is appropriate to deny leave to amend where amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A district court may deny leave to amend based on "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *United States v. Smithkline Beecham Clinical Labs.*, 245 F.3d 1048, 1052 (9th Cir. 2001); *see also Bonin v. Calderon*, 59 F.3d 815, 845-46 (9th Cir. 1995) (futility

of amendment justifies the denial of a motion for leave to amend).

## IV. STATUTE OF LIMITATIONS

Haithcock's Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") which places a one-year statute of limitations on the filing of petitions for writs of habeas corpus. 28 U.S.C. § 2244(d). Here, the statute of limitations period began to run from the date Haithcock's judgment of conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). Thus, Haithcock's conviction became final on January 17, 2006 -- 90 days after the California Supreme Court summarily denied his petition for review. *See Bowen v. Roe*, 188 F.3d 1157, 1159-60 (9th Cir. 1999). Absent tolling, the one-year statute of limitations period would have expired on January 17, 2007. However, Haithcock is entitled to statutory tolling for the period of time he diligently sought post-conviction relief in state court. 28 U.S.C. § 2244(d)(2); *Harris v. Carter*, 515 F.3d 1051 (2008) ("AEDPA tolls the one-year limitations period while a 'properly filed application' for postconviction review is pending in state court.") State collateral review only tolls the one-year period; it does not delay its commencement. *See Laws v. Lamarque*, 351 F.3d 919 (9th Cir. 2003).

Here, according to Haithcock's March 21, 2006 Motion for Stay and Abeyance, he filed his first collateral state petition on February 28, 2006, 42 days after the statute of limitations period began. His final state collateral petition was denied on March 21, 2007, and the limitations period resumed the following day. Thus, taking into account the statutory tolling to which Haithcock was entitled while his state collateral petitions were pending, the statute of limitations period expired on February 7, 2008. Accordingly, unless the amendment sought by Petitioner relates back to the date of the filing of the original habeas petition, it is untimely by over a year.

Amendments made after the statute of limitations has run relate back to the date of the original pleading only if the amended pleading arises out of the same "conduct, transaction or occurrence." Fed. R. Civ. P. 15(c)(2). In *Mayle v. Felix*, 545 U.S. 644 (2005), the Supreme Court held that in habeas cases, the phrase "conduct, transaction

or occurrence" should not be defined so broadly as to allow relation back of a new claim that stems from the petitioner's "trial conviction or sentence." *Id.* at 656. The Court reasoned that "[u]nder that comprehensive definition, virtually any new claim introduced in an amended petition will relate back." *Id.* at 656-57. Instead, it held that "conduct, transaction or occurrence" in federal habeas cases should be defined less broadly, and "allow relation back only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." *Id.* at 657.

### IV. PETITIONER'S MOTION TO AMEND IS DENIED AS FUTILE BECAUSE THE AMENDMENTS DO NOT "RELATE BACK" TO THE ORIGINAL PETITION

In *Mayle*, 545 US. 644, Petitioner filed a timely petition for habeas corpus alleging Sixth Amendment confrontation clause issues arising from admission at trial of a videotape of statements made at a jailhouse interview by a witness for the prosecution. *Id.* at 648. After the statute of limitations had run, Petitioner filed an amended petition alleging Fifth Amendment issues, asserting that admission at trial of a confession he made during pretrial interrogation by police violated his right against self-incrimination. *Id.* at 649. The Petitioner argued, and the Court of Appeals held, that the amended petition qualified for relation back because both the original petition and the amended petition arose from the same trial and conviction. The Supreme Court reversed, holding that an "amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650. The Supreme Court rejected Petitioner's contention that the trial itself was the "transaction" or "occurrence" at issue. *Id.* at 660. It reasoned that although Felix's Fifth Amendment claim did not ripen until the statements were admitted against him at trial, the dispositive question in adjudicating that claim was not Felix's conduct in court, but at his out-of-court police interrogation, and specifically, whether he answered voluntarily or whether his statements were coerced. *Id.* at 661. The Court accordingly held that Felix's Sixth Amendment confrontation clause claim was a separate, discrete

claim, supported by separate facts, such that it did not constitute the same "occurrence."  *Id.*

Likewise, here, Haithcock timely filed a petition for habeas corpus asserting two grounds -- (1) that the state superior court's denial of his two pretrial motions to substitute defense counsel violated his Sixth Amendment right to counsel, and (2) that his prison sentence violated his federal constitutional right to a jury trial.  After the statute of limitations ran, Haithcock filed the present motion for leave to amend his petition, seeking to add two newly exhausted claims involving ineffective assistance of counsel/confrontation clause issues arising during the trial - - (1) that counsel was ineffective for not telling him about a proceeding where accomplice Grace Cartwright, who Haithcock hoped to call as a witness, pled the Fifth Amendment, and (2) that counsel was ineffective for not objecting to the arresting officer's testimony at trial which Haithcock claims was hearsay.

Based of the particularity-in-pleading requirement under Habeas Corpus Rule 2(c), Haithcock's new claims would need to be pled discretely from one another, and from those alleged in his original petition.  *See* Mayle, 545 US at 661 (under Habeas Corpus Rule 2(c), "Felix's Confrontation Clause claim would be pleaded discretely, as would his self-incrimination claim"); *see also United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) ("a petitioner does not satisfy the Rule 15 'relation back' standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance").  As Haithcock's new claims differ in both time and type from the claims Haithcock originally pled and would need to be supported by separate facts, they do not constitute the same "occurrence."  Therefore, these new ineffective assistance of counsel/confrontation clause claims do not "relate back" for statute of limitations purposes, and are time-barred.  As the claims are time-barred, granting Haithcock leave to amend his petition would be futile.

## VI. CONCLUSION AND RECOMMENDATION

Because the claims Haithcock seeks to add are untimely under the AEDPA statute of limitations and do not relate back to the grounds raised in his original petition, allowing Haithcock to amend his petition would be futile. Accordingly, the undersigned magistrate judge recommends that Petitioner's motion for leave to amend his petition [Doc. 51] be **DENIED**.

This Report and Recommendation is submitted to the Honorable Napoleon A. Jones Jr., United States District Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than **June 22, 2009** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties within **10 days** of being served with the objections.

**IT IS SO ORDERED**

DATED: May 22, 2009

Jan M. Adler
U.S. Magistrate Judge