# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS OUIA HAITHCOCK,<br><br>Petitioner,<br><br>v.<br><br>M VEAL, Warden,<br><br>Respondent. | Case No. 06cv0100-J (JMA)<br><br>**ORDER:**<br><br>**(1) ADOPTING R&R; and**<br><br>**(2) DENYING PETITIONER'S MOTION FOR LEAVE TO AMEND** |

Presently before this Court is Magistrate Judge Jan M. Adler's Report and Recommendation ("R&R") recommending that the Court deny Petitioner Thomas Haithcock's ("Petitioner" or "Haithcock") motion for leave to amend petition. [Doc. No. 51]. This Court has considered Haithcock's Petition, Haithcock's motion for leave to amend, Respondent M Veal's ("Respondent" or "Veal") Response to the motion, and all supporting documentation submitted by the parties. Having considered these documents, this Court **ADOPTS** the R&R and **DENIES** Petitioner's motion for leave to amend Petition because it would be futile.

*Procedural Background*

On May 4, 2004, Petitioner was convicted in San Diego County Superior Court of selling and possessing cocaine. Petitioner was sentenced to ten years in state prison. On January 19, 2005, Petitioner filed an appeal in the California Court of Appeal raising two

issues: (1) that the trial court violated his Sixth Amendment right to effective assistance of counsel when it denied his pretrial motions to substitute defense counsel, and (2) that the trial court denied him due process when it improperly sentenced him based on aggravating factors that were not found by a jury or admitted by Petitioner. On August 10, 2005, the California Court of Appeal affirmed Petitioner's conviction. Petitioner thereafter filed a petition for review by the California Supreme Court. On October 19, 2005, the California Supreme Court summarily denied review.

On January 17, 2006, Haithcock filed a petition for writ of habeas corpus in this Court [Doc. No. 1], raising the same two claims as in his direct appeals in state court. (*See* Petition at 7-9). On February 24, 2006, Petitioner filed a motion for a stay and abeyance on the grounds he discovered new issues related to his case that he wanted to exhaust in state court. [Doc. No. 6].

On February 28, 2006, Petitioner began exhausting two new claims by filing state habeas petitions in the state Superior, Appellate, and Supreme Courts. The writ filed in the San Diego Superior Court raised the same two claims alleged in Haithcock's Federal Petition, as well as two additional claims: (1) that his Sixth Amendment right to effective assistance of counsel was violated because his trial and appellate counsel were ineffective, and (2) admission of the arresting officer's testimony at trial violated the confrontation clause (Haithcock alleged it was hearsay). Haithcock's petition was ultimately denied by the California Supreme Court on March 21, 2007.

On August 30, 2006, the magistrate judge issued an R&R recommending that Petitioner's motion for a stay and abeyance be denied. [Doc. No. 33]. The Court issued an order adopting the R&R on November 7, 2006. [Doc. No. 38].

On February 10, 2009, Haithcock moved to amend his federal Petition to add the two newly exhausted claims involving ineffective assistance of counsel and confrontation clause issues arising during trial. [Doc. No. 51].

### *Legal Standard*

Motions for leave to amend a petition for writ of habeas corpus are governed by the same standards as motions to amend a complaint in other civil actions. A party may amend a

pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). Once a responsive pleading has been served, however, a party may amend the pleading only by leave of court or by written consent of the adverse party. *Id.*

Leave is freely given when justice so requires. *Morris v. U.S. Dist. Court,* 363 F.3d 891, 894 (9th Cir. 2004). However, it is appropriate to deny leave to amend where amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962). A district court may deny leave to amend based on "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Griggs v. Pace Am. Group, Inc.,* 170 F.3d 877, 880 (9th Cir. 1999). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *United States v. Smithkline Beecham Clinical Labs.,* 245 F.3d 1048, 1052 (9th Cir. 2001); *see also Bonin v. Calderon,* 59 F.3d 815, 845-46 (9th Cir. 1995) (futility of amendment justifies denial of a motion for leave to amend).

### *Discussion*

### I.    Statute of Limitations

Haithcock's Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which places a one-year statute of limitations on the filing of petitions for writ of habeas corpus following final judgment from a state conviction. 28 U.S.C. § 2244(d). Here, the statute of limitations period began to run from the date Haithcock's judgment of conviction became final on January 17, 2006 - 90 days after the California Supreme Court summarily denied his petition for review. *See Bowen v. Roe,* 188 F.3d 1157, 1159-60 (9th Cir. 1999). Absent tolling, the one-year statute of limitations would have expired January 17, 2007. However, Haithcock is entitled to statutory tolling for the period of time he diligently sought post-conviction relief in state court. 28 U.S.C. § 2244(d)(2); *Harris v. Carter,* 515 F.3d 1051 (2008)("AEDPA tolls the one-year limitations period while a 'properly filed application' for post-conviction review is pending in state court.") State collateral review only tolls the one-year period; it does not delay its commencement. *See Laws v. Lamarque,* 351 F.3d 919 (9th Cir. 2003).

Here, Haithcock's limitations period began to run until he filed his first collateral state petition on February 28, 2006, 42 days into the one-year limitations period. Haithcock's final

state collateral petition was denied March 21, 2007, and the limitations period resumed the following day. Accordingly, taking into account the statutory tolling Haithcock was entitled to, the limitations period expired for Haithcock on February 7, 2008. Haithcock's request for leave to amend was filed more than a year following that date on February 10, 2009. [Doc. No. 51]. Unless Haithcock's amended petition relates back to the date of the original petition, it is untimely, and thus leave to amend would be futile.

## II.     Relation Back

In certain instances, a petition amended after the statute of limitations has expired can relate back to the original filing date, making the amended petition timely. However, amendments made after the statute of limitations expires relate back to the date of the original pleading only if the amended pleading arises out of the same "conduct, transaction or occurrence." Fed. R. Civ. P. 15(c)(2). In habeas cases, the Supreme Court held that the phrase "conduct, transaction or occurrence" should not be defined so broadly as to allow relation back of a new claim that stems from the petitioner's "trial, conviction or sentence." *Mayle v. Felix,* 545 U.S. 644, 656 (2005). Rather than allow relation back for any new claim, the Court will "allow relation back only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." *Id.* at 657.

Here, Haithcock's original habeas petition asserted two grounds for relief: (1) that the State Superior Court's denial of his two pretrial motions to substitute defense counsel violated his Sixth Amendment right to counsel, and (2) that his prison sentence violated his federal constitutional right to a jury trial. [Doc. No. 1]. The amended petition seeks to add two additional claims: (1) that counsel was ineffective for not telling him about a proceeding where accomplice Grace Cartwright, who Haithcock hoped to call as a witness, pled the Fifth Amendment, and (2) that counsel was ineffective for not objecting to the arresting officer's testimony at trial which Haithcock claims was hearsay. [Doc. No. 51].

Haithcock's additional claims differ in both time and type from the original claims because they require proof from outside the core facts needed to prove the original claims. *See Mayle,* 545 U.S. 644. The first additional claim, ineffective assistance of counsel during the

trial, does not relate back to the original ineffective assistance claim. "A petitioner does not satisfy the Rule 15 'relation back' standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney malfeasance." *United States v. Ciampi,* 419 F.3d 20, 24 (1st Cir. 2005). The two ineffective assistance claims deal with entirely different fact scenarios. Additionally, the original ineffective assistance claim arose pre-trial, while Petitioner's amended ineffective assistance claim involves events that occurred at trial. Thus, the amended ineffective assistance of counsel claim does not relate back to the original petition.

Haithcock's second amended claim, ineffective assistance of counsel for failure to object to the arresting officer's testimony, also fails to relate back to the original petition. Again, there is not an automatic relation back for an additional ineffective assistance claim when proving the two separate claims requires proof from a different set of core facts. *See Mayle;* 545 U.S. 644; *see also Ciampi,* 419 F.3d at 24. This new claim also deals with an error that occurred at trial, not pre-trial as the original petition.

### *Conclusion*

Therefore, because neither of the two new claims "relate back" to the original petition for statute of limitations purposes, they are time barred. As a result, granting Haithcock leave to amend the petition to add time-barred claims would be futile.

Accordingly, this Court **ADOPTS** the R&R and **DENIES** Haithcock's motion for leave to amend his petition.

**IT IS SO ORDERED.**

DATED: September 24, 2009

HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: Magistrate Judge Jan M. Adler
　　All Parties