# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS OVIA HAITHCOCK,<br><br>                        Petitioner,<br>     vs.<br><br><br><br><br>M. VEAL, Warden,<br><br>                        Respondent. | CASE NO. 06cv100-MMA(JMA)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE;**<br><br>[Doc. No. 66]<br><br>**OVERRULING PETITIONER'S OBJECTIONS;**<br><br>[Doc. No. 67]<br><br>**DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[Doc. No. 1] |

     Petitioner Thomas Ovia Haithcock, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. No. 1] challenging his state court conviction and sentence for possessing and selling cocaine base. Respondent filed an answer to the petition [Doc. No. 29], and Petitioner filed a traverse [Doc. No. 31]. The matter was referred to United States Magistrate Judge Jan M. Adler for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.3. The magistrate judge issued a well-reasoned and thorough report recommending the petition be denied in its entirety. Petitioner timely filed objections, challenging the findings and conclusions of law set forth in the Report and

Recommendation. Respondent did not file an objection to the Report, or a response to Petitioner's objections.

Under 28 U.S.C. § 636(b)(1), in reviewing a magistrate judge's report and recommendation, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

## OBJECTIONS

Petitioner objects to the report and recommendation in two respects. First, Petitioner objects to the magistrate judge's recommendation to deny his petition on ground one, the alleged violation of his Sixth Amendment right to counsel. Petitioner asserts error based on the trial court's denial of his first and second requests for appointment of new counsel. Petitioner's objection is essentially a reiteration of the arguments raised in his petition and traverse. After reviewing the pertinent portion of the record and the report *de novo*, the Court overrules the objection and finds that the magistrate judge correctly concluded that no constitutional violation occurred. The trial court considered Petitioner's requests for new counsel carefully, made a complete record of the proceedings, and was not unreasonable in denying those requests.

Second, Petitioner objects to the magistrate judge's recommendation to deny his petition on ground two, the alleged sentencing error. Petitioner challenges the imposition of the upper term sentence in his case. He asks this Court to find that he did not waive his right to a jury trial as to his prior allegations and did not admit the facts underlying his prior convictions. As detailed by the magistrate judge, the state court record explicitly demonstrates otherwise.

For the reasons stated in the magistrate judge's report, Petitioner's sentence complied with the requirement of *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (emphasis added), that "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*'s exception for a defendant's criminal history has been upheld by the Supreme Court in subsequent cases. *See James v. United States*, 550 U.S. 192, 214 n.8 (2007); *Cunningham v. California*, 549 U.S. 270, 274-75 (2007); *United States v. Booker*, 543 U.S. 220, 230-31 (2005);

*Blakely v. Washington*, 542 U.S. 296, 301 (2004). Petitioner waived his right to a jury trial on his priors. The trial court found the allegations true beyond a reasonable doubt. The trial court then sentenced Petitioner to an upper term based on those prior convictions and Petitioner's inauspicious criminal history. The sentence fell squarely within *Apprendi*'s prior conviction exception. *See Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998); *Apprendi*, 530 U.S. at 490.

Having reviewed the Report and Recommendation and the files and records herein, the Court **OVERRULES** Petitioner's objections and **ADOPTS** the Report and Recommendation in its entirety. Accordingly, the Court **DENIES** the petition and a writ of habeas corpus shall not issue in this case.

### CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 foll. 28 U.S.C. § 2254. A petitioner may not seek an appeal of a claim arising out of state court detention unless the petitioner first obtains a certificate of appealability from a district judge or a circuit judge under 28 U.S.C. § 2253. Fed. R. App. P. 22(b). Under 28 U.S.C. § 2253(c)(1), a certificate of appealability will issue only if the petitioner makes a substantial showing of the denial of a constitutional right.

For the reasons set forth in the Report and Recommendation and adopted herein, Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability should not issue in this action.

**IT IS SO ORDERED**.

DATED: June 16, 2010

Hon. Michael M. Anello
United States District Judge